# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey T. Gilbert | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2175 | **DATE** | 10/14/2011 |
| **CASE TITLE** | Luna vs. Kellogg Company | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Compel [28] is granted in part and denied in part for the reasons stated on the record during the hearing held on 10/13/11. (See details in Statement below.) Please note that the Court has reconsidered one aspect of its oral ruling concerning the disclosure of contact information for the individuals from whom Defendant has obtained written statements or declarations as disclosed on its privilege log. To the extent Plaintiff wants contact information for those people, he can include them in the list of up to 50 people Plaintiff will be allowed to designate from the list of all non-union, hourly production employees at Defendant's 31st Street Facility that Defendant will produce in response to Plaintiff's Interrogatory No. 7, as discussed more fully in the accompanying Statement. (To be clear, the written declarations or statements still do not have to be produced by Defendant at this time.) In all other respects, the Court's oral ruling on the record is consistent with this Order and the accompanying Statement. In light of the foregoing, the Court extends phase one discovery an additional two weeks to 12/14/11. Plaintiff shall file his motion for certification of a collective and/or class action on or before 1/20/12. (If the parties do not believe this is enough time either to complete phase one discovery or for the filing of a motion for certification of a collective and/or class action, they should jointly contact the Court's Courtroom Deputy and suggest a different date or dates.)

■[ For further details see text below.]  Notices mailed by Judicial staff.

01:30

# STATEMENT

Plaintiff has moved to compel Defendant to produce a list of all hourly employees who work or worked at Defendant's 31st Street Facility, who were required to wear any work clothes or safety equipment while working, and/or whose time was subject to the Company's rounding policy(ies), as requested in Plaintiff's Interrogatory No. 7. Plaintiff also moved to compel Defendant to produce the written statements or declarations Defendant obtained from 19 of its employees. Defendant listed those documents on its privilege log as protected by the attorney-client and/or work product privilege. Plaintiff requested the statements in its Request For Production No. 21.

<u>Employee List</u>
Defendant contends that disclosure of employee contact information is premature, irrelevant and unduly burdensome in this initial stage of discovery leading up to Plaintiff's anticipated motion to certify a conditional collective action under Section 216(b) of the Fair Labor Standards Act and a class action for Plaintiff's state law claims under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that he is entitled to attempt to contact Defendant's current and former employees to develop information he may use in response to Defendant's anticipated arguments against certification. Although Plaintiff was employed at Defendant's 31st Street Facility for 13 years, he no longer works for Defendant. Plaintiff says he does not

know the last names of many of the employees with whom he worked and is thus hampered in his ability to contact these employees without the contact list he seeks from Defendant.

As discussed during the hearing on October 13, 2011, the Court must balance Plaintiff's need for the employee contact information he is requesting during this initial stage of discovery in this collective and class action, the relevance of that information to the issues that will be presented in the motion for conditional certification of a 216(b) collective action and a Rule 23 class action, the privacy concerns of non-party current and former employees of Defendant, and the burden (however modest) on Defendant in gathering, reviewing and providing this information to Plaintiff before any class has been certified. The Court also must consider Plaintiff's request in the specific context of this case – that is, a single plaintiff case with no opt-ins (as of yet) brought by Plaintiff, who worked as a mechanic at Defendant's 31st Street Facility, on his own behalf and on behalf of all other hourly, non-union production employees of Defendant when, among other things, Defendant already pays these employees for 15 minutes of donning and doffing time (albeit perhaps without distinction among individual employee circumstances or work spaces) and Defendant's rounding policy does not, at least at first blush, appear to distinguish between individual employees or classes of employees.

Balancing all of these concerns, the Court finds that Plaintiff has established that the employee contact information he seeks is relevant as it may lead to the discovery of evidence admissible on the issue of certification of a collective or class action. It appears from Defendant's answers to Interrogatories (and based upon defense counsel's statements at oral argument) that Defendant will argue in opposition to certification, among other things, that Plaintiff's claims do not arise from a common policy or question applicable to the entire proposed class and that Plaintiff's claims are not typical of the claims of potential class members. There does not appear to be any way for Plaintiff to obtain information that he needs to contact potential class members and potentially develop facts that could rebut Defendant's arguments against certification other than from employee contact information in Defendant's exclusive possession, custody and control.

By the same token, however, the Court needs to be cognizant that no class has yet been certified and that disclosure of what Defendant characterizes as "essentially a class list" to Plaintiff's counsel at this point could lead to inappropriate dissemination of a truncated and uncontrolled "class notice" before the Court has determined that class treatment is appropriate. Defendant also argues with some force that requiring Defendant to turn-over contact information for potential class members who are "similarly situated" to Plaintiff basically assumes that the Court has made a determination that Plaintiff and all or some of the potential class members are similarly situated before the Court has made such a determination.

Accordingly, balancing all of these concerns, the Court orders the following:

(1) Defendant shall produce to Plaintiff on or before 10/27/11 a list of its current and former non-union, hourly production employees employed during the three year purported class period, the dates of their employment, their titles and the area in which they worked at Defendant's 31st Street Facility, subject to entry of an appropriate protective order that provides this information is to be treated as confidential and not disclosed to anyone other than Plaintiff and Plaintiff's attorneys and staff, and only for use in this case.

(2) On or before 11/3/11, Plaintiff may identify up to 50 people on Defendant's employee list for whom Plaintiff wants Defendant to produce the last known contact information it has for those employees (i.e., last known address and telephone number). (The Court arrived at this figure based upon representations that Defendant employed at any one time somewhere between 350

    and 450 people.)

(3) Within five (5) business days thereafter, Defendant will provide the contact information requested by Plaintiff, subject to a protective order that provides this contact information is to be treated as Attorneys Eyes Only (meaning Plaintiff's attorneys and necessary staff only) and that it is only to be used for the purpose of this case.

Finally, on the issue of employee contact information, if the contact information for up to 50 of Defendant's current and former employees that Defendant ultimately produces to Plaintiff as described above proves to be so stale that Plaintiff is unable to make contact with enough people to allow Plaintiff reasonably to develop information that he can attempt to use to rebut Defendant's arguments against class certification, then Plaintiff may petition the Court for production of contact information for more people. In deciding whether to raise this issue again, however, Plaintiff should take into account whether his inability to speak to people is the result of stale contact information or a decision by people contacted not to speak to Plaintiff's counsel.

Employee Declarations or Statements
Defendant represents that the written statements or declarations signed by 19 of its employees that it has listed on its privilege log were drafted by Defendant's counsel based upon their interviews of these employees. Defendant maintains that the documents constitute attorney work product as they were produced by Defendant's counsel after the filing of this lawsuit, they contain counsel's mental impressions to the extent that they were drafted by lawyers after they interviewed witnesses for the purpose of, among others, potentially rebutting Plaintiff's arguments in support of class certification. Defendant says it does not know whether it will use these declarations in its defense of this lawsuit but, if it does, it will produce them to Plaintiff. Defendant offered to ask the employees from whom it has obtained these declarations whether they mind if Defendant gives Plaintiff their contact information and, for those employees that do not mind, Defendant will disclose that information to Plaintiff. As to the last point, Plaintiff argues he should not have to rely on Defendant to ask its own employees whether they mind if Plaintiff contacts them as that is an inherently awkward and unreliable way to determine if any of these people will speak to Plaintiff's counsel.

The Court agrees that, at this stage of the litigation, the declarations from Plaintiff's employees do constitute attorney work product at a threshold level. Therefore, Plaintiff must establish a substantial need for those declarations and that it cannot obtain the equivalent information without undue hardship. Plaintiff has not made such a showing at this juncture. Plaintiff, for example, could seek to depose the individuals that have provided written declarations to Defendant, not to obtain the declarations themselves but about the factual knowledge these witnesses possess that may or may not form the basis for the declarations drafted by Defendant's counsel. Further, in view of the Court's order that Defendant must provide to Plaintiff a list of employees from which Plaintiff will be able to obtain contact information for up to 50 employees, Plaintiff might, if he so chooses, seek contact information for some or all of the people who have provided Defendant with written declarations. Accordingly, at this time, the Court finds that Plaintiff has not made the showing necessary to overcome Defendant's assertion of privilege for these documents.

In light of the foregoing, the Court extends phase one discovery an additional two weeks, to 12/14/11. Plaintiff shall file his motion for certification of a collective and/or class action on or before 1/20/12. (If the parties do not believe this is enough time either to complete phase one discovery or for the filing of a motion for certification of a collective and/or class action, they should jointly contact the Court's Courtroom Deputy and suggest a different date.)